MEMORANDUM **
Dax Pierson was permanently paralyzed from his shoulders down following an accident while he was a passenger in a rented van that was manufactured by Ford Motor Company.
The complaint asserted a product liability action against Ford. After the jury returned a verdict in favor of Pierson, Ford moved for a new trial and judgment as a matter of law and also to reduce the verdict in light of settlement payments that Pierson had received from other entities. The district court reduced the amount and entered judgment in favor of Pierson in the amount of $14,928,367.78.
On appeal, Ford claims that the jury’s verdict was not supported by substantial evidence as to causation. Specifically, Ford alleges that Pierson did not establish *968 that the design of the van was a substantial factor in causing his injuries. Ford asserts Pierson failed to offer expert testimony on two key points of his theory: (1) that the roof deformed on the van’s first roll; and (2) that the seat unlatched during the first roll. Ford further contends that the district court abused its discretion in denying its motions, pursuant to Dauberb v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), to exclude or strike the testimony of Martha Bidez, Ph.D., Pierson’s biome-chanics expert. Ford argues that Dr. Bidez’s theory of injury causation was based on an accident reconstruction that had no basis in the record. Dr. Bidez relied on the accident reconstruction opinion of Robert Caldwell, even though his views were not presented to the jury.
A jury’s verdict and the denial of a renewed motion for judgment as a matter of law must be upheld if they are supported by “substantial evidence.” See Harper v. City of Los Angeles, 533 F.3d 1010, 1021 (9th Cir.2008). Substantial evidence is “evidence adequate to support the jury’s conclusion, even if it is also possible to draw a contrary conclusion.” See id. “A renewed motion for judgment as a matter of law is properly granted if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury’s verdict.” See id. (internal quotation marks and citation omitted). A district court’s decision to admit or exclude expert testimony is reviewed for abuse of discretion. See Earp v. Cullen, 623 F.3d 1065, 1075 (9th Cir.2010).
Causation is an essential element of a product liability case. See Stephen v. Ford Motor Co., 134 Cal.App.4th 1363, 1373, 37 Cal.Rptr.3d 9 (2005). If “the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation.” Id. An expert’s opinions and conclusions which are based on nothing more than speculation cannot constitute substantial evidence. See id.; see also Leslie G. v. Perry & Associates, 43 Cal.App.4th 472, 487, 50 Cal.Rptr.2d 785 (1996) (“[wjhere an expert bases his conclusion upon ... factors which are speculative, remote or conjectural, the expert’s opinion cannot rise to the dignity of substantial evidence.”).
The district court did not abuse its discretion in declining to exclude or strike Dr. Bidez’s testimony under Daubert. We find that any deficiencies with her testimony went to its weight and not its admissibility.
Although there may have been some problems with Dr. Bidez’s expert testimony, we conclude that there was sufficient evidence to support the jury’s verdict. Even without the assistance of an expert, there was ample evidence from which the jury could determine that Pier-son’s head collided with the collapsed (or collapsing) roof, which resulted in his injury. The jury also knew, even without any reconstruction evidence from Mr. Caldwell, that the van rolled over; that there was a mark in the roof where Pierson’s head or the seat could have hit; and that there was blood near the mark in the roof. There was no evidence of a mark on the passenger side roof near the window where Ford contended that Pierson’s head had hit. Pierson testified that he put his hands up to the roof as the van began to roll over. This may have served to impede any roll toward the window that his head would otherwise have made. The jury heard evi *969 dence that the right-hand latch for the bench seat on which Pierson was sitting did not hold the seat, so that the seat rotated up and to the left, toward the center of the vehicle, as the van rolled over.
There was sufficient evidence from which the jury could conclude that Pier-son’s injuries were caused by the van’s deficient latch and the collapsing roof. In our view, no expert was needed to establish that this occurred at a particular point during the vehicle rollover.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.